# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO: 10 3071 C

NYGEL JONES,
    Plaintiff

v.

THE CITY OF BOSTON,
SERGEANT JAMES TARANTINO,
OFFICER RANCE COOLEY,
TROOPER STEPHEN JOHNSON,
TROOPER WILLIAM CAMERON, and
THE DEPT. OF STATE POLICE OF
THE COMMONWEALTH OF
MASSACHUSETTS,
    Defendants.

RECEIVED
AUG 03 2010
SUPERIOR COURT CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## COMPLAINT

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Massachusetts, against The City of Boston and Sergeant James Tarrantino, and Officer Rance Cooley, in their individual capacities and as police officers of the City of Boston, and Troopers William Cameron, and Stephen Johnson, in their individual capacities and as state troopers of the Commonwealth of Massachusetts.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Nygel Jones, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Nygel Jones. It is further alleged that these violations and torts were committed as a result of the policies and customs of the City of Boston and the Department of State Police of the Commonwealth of Massachusetts.

### Parties

3. Nygel Jones was at all material times a resident of Dorchester, Massachusetts, and of full age.

1

4. Defendant Sergeant James Tarrantino, Officer Rance Cooley and Troopers William Cameron, and Stephen Johnson were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Boston or the Department of State Police of the Commonwealth of Massachusetts, acting under color of law, of wit under color of statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston.

5. The City of Boston, Massachusetts is a municipal corporation and the public employer of Officer Rance Cooley and Sergeant James Tarantino.

6. The Department of State Police is Department within the Executive Office of Public Safety within the Commonwealth of Massachusetts and a public employer of state Troopers William Cameron and Stephen Johnson.

## Facts

7. On or about August 3, 2007, at approximately 11:45pm, Sergeant James Tarrantino, Officer Rance Cooley and Troopers William Cameron, and Stephen Johnson were in the area of 22-24 Thane Street in Dorchester Massachusetts where they arrested the plaintiff for possession of a firearm without a license.

8. After retrieving the firearm, the Officers placed the Plaintiff's hands behind his back, handcuffed him, and began escorting him towards a police cruiser for transporting. Before the Officers could place the Plaintiff in the cruiser, however, the Plaintiff broke away from the Officers and began running up Thanes Street with his hands cuffed behind his back.

9. Trooper William Cameron in an attempt to apprehend the Plaintiff tackled him, causing the Plaintiff to strike his head against a concrete retaining wall with great force.

10. With the Plaintiff on the ground, bleeding, handcuffed, and with his hands behind his back, the Officers proceeded to strike him multiple times until he lost consciousness. This was done despite numerous pleas from onlookers for the Officers to stop before they seriously injured or killed the Plaintiff. The Plaintiff suffered multiple injuries from the beating including a partially collapsed lung and a deviated septum.

11. At all times during the events described above, the defendant police were engaged in a joint venture. The individual officers assisted each other in performing the actions described and lent their physical presence and support and the authority of their office to each other during the said events

12. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff Nygel Jones was hospitalized five (5) days and suffered the following injuries and damages:

2

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;
   b. Loss of physical liberty;
   c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

13. The actions of the defendant Officers violated the following clearly established and well settled constitutional rights of Nygel Jones:

   a. Freedom from unreasonable seizure of his person; and
   b. Freedom from the use of excessive, unreasonable and unjustifiable force against his person.

## COUNT I
### 42 U.S.C. § 1983 Against Individual Defendants

14. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

15. Plaintiff Nygel Jones claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Sergeant Tarrantino, Officer Rance Cooley, Trooper James Cameron, and Trooper Stephen Johnson for violation of his constitutional rights under color of law.

## COUNT II
### Assault and Battery Against Individual Defendants

16. Paragraphs 1 through 13 are incorporated herein by reference as though fully set forth.

17. Sergeant Tarrantino, Officer Rance Cooley, Trooper James Cameron, and Trooper Stephen Johnson assaulted and battered Nygel Jones.

18. As a result of this assault and battery, plaintiff Nygel Jones suffered damages as aforesaid.

## COUNT III
### 42 U.S.C. § 1983 Against the City of Boston

19. Prior to August 3, 2007, the City of Boston developed and maintained policies or customs exhibiting deliberate indifference to the constitutional right of person in the City of Boston, which caused the violation of Plaintiff Nygel Jones rights.

3

20. It was the policy and/or custom of the City of Boston to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated in the City of Boston.

21. It was the policy and custom of the City of Boston to inadequately supervise and train its police officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

22. As a result of the above described policies and customs, police officers of the City of Boston, including the Defendant officers, believe that their actions would not be properly monitored by supervisory officers and that misconduct would not investigated or sanctions but would be tolerated.

23. The above described policies and customs demonstrated a delivered indifference on the part of policy makers of the City of Boston and were the cause of the violations of plaintiffs rights alleged herein.

## COUNT IV
### 42 U.S.C. § 1983 Against the Department of State Police of the Commonwealth of Massachusetts

24. Prior to August 3, 2007, the Department of the State Police of the Commonwealth of Massachusetts developed and maintained policies or customs exhibiting deliberate indifference to the constitutional right of person in the City of Boston, which caused the violation of Plaintiff Nygel Jones rights.

25. It was the police and/or custom of the Department of the State Police to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated

26. It was the policy and custom of the Department of the State Police to inadequately supervise and train its officers, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its officers. The Department of the State Police of the Commonwealth of Massachusetts did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

27. As a result of the above described policies and customs, state troopers of the Department of the State Police of the Commonwealth of Massachusetts, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctions but would be tolerated.

4

28. The above described policies and customs demonstrated a delivered indifference on the part of policy makers of the Department of the State Police and were the cause of the violations of plaintiffs rights alleged herein.

WHEREFORE, the plaintiff requests that this Court:

a. Enter judgment for the Plaintiff against Defendants;
b. Award compensatory damages to plaintiff against the defendants jointly and severally;
c. Award costs of this action to the plaintiff;
d. Award reasonable attorneys fees and costs to the plaintiff on Counts I through Counts IV of the complaint;
e. Award such other and further relief as this Court may deem appropriate

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Respectfully submitted,
NYGEL JONES
By his Attorney

*[signature]*

Keith Durden, Esq. BBO# 656930
The Durden Law Office
24 Adams Street, Suite 4
Quincy, MA 02169
Tel: (617) 328-4844
Fax: (617) 328-4846

Dated: August 3, 2010

5